UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD FORCHION and NJWEEDMAN'S JOINT, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>EARNEST PARREY, et al.,<br><br>*Defendants*. | Civil Action No.<br>3:16-cv-01339 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER DISMISSING ALL CLAIMS AGAINST EARNEST PARREY** |

This matter comes before the Court on Defendant Earnest Parrey's motions to dismiss the remaining claims filed against him in Plaintiffs' Third Amended Consolidated Complaint. (ECF Nos. 170, 171). The parties appeared for oral argument telephonically on April 6, 2021. For the reasons that follow, Parrey's motions shall be granted.

### BACKGROUND

Plaintiffs Edward Forchion and his business, NJWeedman's Joint, LLC, sued the City of Trenton and various individuals for violating his rights under the United States Constitution and federal and state law. Among other things, he argued that the Trenton Police Department wrongfully cited him for violating a city ordinance, unfairly targeted him and his customers for scrutiny and harassment, seized and destroyed his property, revoked his business license without due process, and caused his business to suffer financial losses. (Third Consol. Am. Compl. 11-13, 15-21, 27-30, ECF No. 119).

In September 2019, Defendants' motion to dismiss Plaintiffs' Third Consolidated Amended Complaint were granted in part and denied in part. (Mem. & Order, ECF No. 151). Pursuant to that order, the only claims that remained in the case were Counts 1, 2, 13, and 17

1

against Defendant Earnest Parrey, and Counts 14 and 18 against Defendant William Haumann. (ECF No. 151 at 54). Parrey was the Director of the Trenton Police Department, and Haumann was an assistant prosecutor and the Chief of Forfeiture at the Mercer County Prosecutor's Office. (ECF No. 151 at 2; ECF No. 119 at 5, 18).

In the present motion, Defendant Parrey seeks dismissal of Plaintiffs' remaining claims against him (Counts 1, 2, 13, and 17). (Mot. to Dismiss, ECF Nos. 170, 171).[1] Counts 1 and 2 pertain to unlawful seizure, and Counts 13 and 17 concern procedural due process violations. (*See* ECF No. 119 at 36-39, 56, 60; ECF No. 151 at 1).

## THE PRESENT ACTION

Parrey moves to dismiss the claims against him with prejudice under Fed. R. Civ. P. 37(b)(2)(C) because he alleges Plaintiffs failed to comply with discovery deadlines. Defense counsel recounts numerous instances between January and September 2020 in which Plaintiffs failed to produce requested documents and information. For example, she asserts that Plaintiffs provided incomplete or unresponsive answers to certain interrogatories and promised to supplement their responses; however, after numerous extended deadlines, they still had not provided the requested information. (ECF Nos. 170, 171 at ¶¶ 1-37). In addition, the responses to Parrey's interrogatories were not certified by the client(s). (*See* Mot. to Dismiss ¶ 14; *id.* Ex. C, ECF Nos. 170-2, 171-2). Defense counsel attaches copies of email correspondence with Plaintiffs' counsel in which she repeatedly attempted to follow up on the outstanding discovery requests. (*See* Mot. to Dismiss Exs. A-I, K-L, ECF Nos. 170-2, 170-3, 171-2, 171-3).

---

[1] The two motions appear to be identical except that ECF No. 170 seeks dismissal of Plaintiff Forchion's claims, and ECF No. 171 seeks dismissal of Plaintiff NJWeedman's Joint, LLC's claims. Both pertain to counts 1, 2, 13, and 17 of Plaintiffs' Third Consolidated Amended Complaint.

2

The Magistrate Court issued two case management orders ("CMO") to address the discovery issues. First, on September 2, 2020, Judge Goodman directed Plaintiffs to provide the following information no later than August 7, 2020[2]: (1) certified, supplemental responses to Parrey's interrogatories, (2) responsive documents to Parrey's Notice to Produce Documents, and (3) a copy of relevant electronically stored information, including the source of that information and a privilege log if applicable. (ECF No. 163). Plaintiffs requested – and Defense counsel consented to – an extension until August 11, 2020. (ECF Nos. 170, 171 at ¶ 30). However, Defense counsel asserts that the supplemental responses Plaintiffs submitted on that date were, again, evasive, deficient, and not certified by either Plaintiff. (*Id.* at ¶ 31).

In the Magistrate Judge's second CMO, entered on September 25, 2020, Judge Goodman directed Plaintiffs to supplement or amend their responses to the specific interrogatory questions that Defendant communicated were still deficient no later than October 9, 2020, and reiterated the other instructions in the September 2, 2020 CMO. (ECF No. 166). Further, the Court stated: "In the event that the Plaintiffs do not comply with these deadlines, counsel for the Defendants may move for an Order to Dismiss the Complaint, which motion is to be filed by no later than October 23, 2020 and to be returnable on November 16, 2020." (*Id.* ¶ 4).

On October 8, Plaintiffs' counsel informed Defense counsel that he would move to voluntarily dismiss the remaining claims against Parrey, and Defense counsel clarified that she would only agree to a dismissal with prejudice. (ECF Nos. 170, 171 at ¶¶ 44-45; *see also* Ex. N). Plaintiffs' counsel told her his office would send a draft of the stipulation by close of business on the following day. (*Id.*). Defense counsel had still not received a draft of the

---

[2] Although these two dates appear to be conflicting, Judge Goodman held a status conference on July 17, 2020 at which time she orally ordered that the parties provide the supplemental and responsive documents by August 7, 2020.

3

stipulation by October 13, at which point she filed a letter advising the Court that Plaintiffs had not complied with the October 9 discovery deadline. (*Id.* ¶¶ 46-47; ECF No. 167). In a response letter the following day, Plaintiffs' counsel explained that he did not submit supplemental discovery responses because he intended to dismiss the claims against Parrey, and would do so within seven days. (ECF No. 168).

On October 21, Plaintiffs' counsel informed the Court that he had sent a draft stipulation of dismissal to Parrey and his counsel. (ECF No 169). According to Defense counsel, the draft stipulation she received from Plaintiffs' counsel on October 21 indicated that the claims against Parrey would be dismissed *without* prejudice. (*Id.* ¶¶ 48-49). She reiterated that she would not consent to dismissal unless it was *with* prejudice[3]. (*Id.* ¶ 51; *id.* Ex. N, ECF Nos. 170-6, 171-6; Reply Br. 3, ECF No. 173).

At the time Defense counsel submitted the instant motions on October 30, 2020, she had yet to receive a response from Plaintiffs' counsel regarding the stipulation of dismissal or the outstanding discovery requests. (*Id.* ¶¶ 53-54). Indeed, she contends that the only pertinent documentation Plaintiffs provided in response to her itemized requests was an expired lease submitted in August 2020, and that Plaintiffs' other submissions were neither responsive nor relevant. (ECF No. 173 at 2). In a letter attached to her motion, she explains that her motion was filed after the October 23, 2020 deadline because, until October 21, she believed Plaintiffs intended to dismiss the claims with prejudice. (Mot. to Dismiss, Ex. N, ECF Nos. 170-6, 171-6).

In their opposition brief, Plaintiffs ask the Court to (1) deny Parrey's motion to dismiss, and (2) dismiss the claims against Parrey without prejudice. (Opp. Br. 4, 7-8, ECF No. 171).

---

[3] Surmising the Plaintiff's counsel's intent, he believes his best chance of success in the litigation are the counts that were originally dismissed; so rather than continuing with discovery, he wishes to appeal the prior order. If successful on appeal, he will then reopen the counts at issue here.

## DISCUSSION

Fed. R. Civ. P. 37(b)(2)(A) sets forth sanctions that may be imposed when a party "fails to obey an order to provide or permit discovery," one of which is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Parrey argues dismissal under that provision is appropriate here and, further, that the Court must order Plaintiffs "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A plaintiff may voluntarily dismiss an action under Fed. R. Civ. P. 41(a)(1). To do so without a court order, the plaintiff may file either: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

## ANALYSIS

Both parties seek dismissal of Plaintiffs' remaining claims against Parrey. To date, Plaintiffs have not filed a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), and the parties were unable to agree to the terms of a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii). Thus, the issue before this Court is whether to dismiss Parrey's motions with or without prejudice. The Court must also determine whether to order Plaintiffs to pay Parrey's expenses, pursuant to Rule 37(b)(2)(C).

In their opposition brief, Plaintiffs argue that they have not violated any court-ordered discovery deadlines. (ECF 172 at 1, 4, 6). Regarding the deadlines set forth in the two CMOs, they insist that (1) Defense counsel consented to extend the August 7, 2020 deadline, and they

submitted their supplemental responses on August 11 as agreed; and (2) Plaintiffs' counsel informed Defense counsel of his intent to dismiss the claims against Parrey on October 8, and Defense counsel responded that "saves us from having to address the outstanding discovery as to those claims."  (*Id.* at 5-6).  Further, they argue that Parrey has not (1) filed a Rule 11 safe-harbor letter, (2) filed a motion to compel discovery, or (3) alleged bad faith on behalf of Plaintiffs or their counsel.  (*Id.* at 5).

       Looking at the record and the parties' submissions, the Court finds that Plaintiffs violated both CMOs issued by the Magistrate Court.  Although Plaintiffs did submit some supplemental responses and documents by August 11, 2020, as the parties agreed, Plaintiffs' responses were not certified as required by the September 2, 2020 CMO.  And it is undisputed that Plaintiffs did not submit additional responses by the October 9, 2020 deadline as required in the September 25, 2020 CMO.

       While Plaintiffs argue they did not have to meet the October 9 discovery deadline because they intended to dismiss the claims against Parrey, that argument fails for two reasons.  First, Plaintiffs' counsel did not send a draft of the stipulation of dismissal to the Court or Defense counsel until October 21, 2020 – weeks after the discovery deadline.  Defense counsel had not signed, nor even had an opportunity to review, that stipulation before October 9, 2020.  Although Defense counsel expressed relief that a voluntary dismissal would eliminate the need to continue discovery, Plaintiff was not entitled to assume that Defense counsel would agree to the terms of the stipulation before she had even seen it – especially because she had stated on at least one occasion that she would not consent to a dismissal without prejudice.  According to the second CMO, Defense counsel was entitled to move for dismissal when Plaintiffs failed to meet

the October 9 deadline. Plaintiffs could have avoided that outcome by satisfying the Rule 41 criteria for voluntary dismissal before the discovery deadline passed – but did not do so.

In addition, Defense counsel was not required to file a motion to compel discovery or a Rule 11 safe-harbor letter before moving for dismissal. Rather, it was *Plaintiffs'* conduct that gave rise to Defendant's right to file the present motion. This is a dispute about whether Plaintiffs complied with the Magistrate Court's CMOs. Their failure to do so was grounds for dismissal under Rule 37 and the express language of the second CMO.

The Court finds unpersuasive Plaintiffs' justifications for their failure to comply, including the disruption caused by COVID-19 and the fact that "much of Plaintiffs' property was seized, damaged, or destroyed by the police." (ECF No. 172 at 3, 7). As Parrey noted in his reply brief, restrictions due to COVID-19 did not take effect in New Jersey until mid-March 2020 – not in February, as Plaintiffs contend – and it appears the Mercer County Prosecutor's Office returned Plaintiffs' property to counsel in June 2018. (ECF No. 173 at 2-3; *see also id.* Exs. Q-T, ECF No. 173-1). In addition, at oral argument, Plaintiffs' counsel claimed his own illness delayed the discovery proceedings. Defense counsel asserted that Judge Goodman adjusted the discovery deadlines due to challenges imposed by COIVD-19, but that Plaintiffs' counsel never informed the Court that he was suffering from an illness that may have caused additional delay. Indeed, looking at the record, there is no indication that Plaintiffs' submissions were delayed due to personal illness.

In addition, Plaintiffs contend that Defense counsel's interrogatories were filled with compound questions that exceeded the 25-question limit, in violation of Rule 33(a)(1). (*Id.* at 6). While Plaintiffs initially objected to the format and number of questions in Parrey's interrogatories, ultimately Judge Goodman ordered Plaintiffs to "provide supplemental or

7

amended responses to the interrogatories . . . as to the specific questions to which counsel for the Defendant noted in a communication to counsel were still deficient . . . no later than October 9, 2020." (ECF No. 166 at 2). Judge Goodman's CMOs effectively functioned as granted motions to compel insofar as they ordered Plaintiffs to submit supplemental responses to Parrey's interrogatories, notwithstanding their objections.[4] At that point, Plaintiffs were obliged to comply with the Court's orders, and they did not do so. Therefore, Parrey was entitled to move to dismiss the action, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and the terms of the September 25, 2020 CMO (ECF No. 166).

The next question is whether the Court should order Plaintiffs to pay Parrey's expenses caused by their failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(C) requires the Court to do so "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court notes that during the course of this litigation, there has been considerable turmoil among the parties, including Forchion's incarceration on unrelated charges and the impoundment and destruction of his vehicle. Moreover, Parrey's counsel has not been recalcitrant, but attempting to lawyer a better alternative for his client. Under the circumstances, the Court believes it would be unjust to order Plaintiffs to pay Parrey's expenses.

In sum, the Court shall grant Parrey's motions to dismiss Plaintiffs' remaining claims against him with prejudice (Counts 1, 2, 13, and 17 of the Third Amended Complaint), but shall not order Plaintiffs to pay Parrey's expenses.

## ORDER

**THIS MATTER** having come before the Court on motions to dismiss filed by Defendant Earnest Parrey (ECF Nos. 170 and 171); and the Court having carefully reviewed and taken into

---

[4] Although Plaintiffs noted their objections in their written responses to the interrogatories, they never raised them during subsequent case management conferences with Judge Goodman.

consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 12th day of April 2021,

**ORDERED** that Defendant's motions to dismiss are **granted with prejudice.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.